IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WENDY WILLIAMS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:16-cv-160-WHA-GMB |
| ) | |
| NICOLE DANIELS, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 3. Because Plaintiff Wendy Williams has failed to perfect service on each of the defendants in this action, the Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Williams filed this action on March 11, 2016, alleging employment discrimination, sexual harassment, and a hostile work environment arising out of her employment at a McDonald's restaurant. Doc. 1. The record reflects that, on July 14, 2016, summons for three of the four named defendants were returned by the United States Postal Service with the notation "Return to Sender, Unclaimed, Unable to Forward." Docs. 17–19. On August 18, 2016, the court entered an order directing Williams to perfect service on all defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure on or before September 30, 2016. *See* Doc. 20. To date, there is nothing before the court to suggest that any of the

defendants have been properly served, nor that Williams has attempted to perfect service in accordance with the court's August 18, 2016 order.

Under Rule 4, if a defendant is not served within 90 days of the filing of the complaint, the court is directed to "dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). If the plaintiff shows good cause for failing to perfect service, the court is directed to extend the time for service. *Id.* Good cause exists only when an outside factor "such as reliance on faulty advice" rather than the plaintiff's own inadvertence or negligence prevented service. Here, the 90-day deadline to perfect service passed on June 9, 2016. Since the court's August 18, 2016 order, Williams has given no basis for her failure to serve the defendants, and there is no evidence before the court to suggest that she had "good cause" for failing to perfect service.

However, the court's inquiry does not end there. In the Eleventh Circuit, district courts must consider whether any other circumstances warrant an extension of time for service even if a plaintiff has not demonstrated good cause for failing to perfect service in a timely manner. *See Lepone-Dempsey*, 476 F.3d at 1283. "Only after considering whether any such factors exist may the district court . . . dismiss the case without prejudice . . . ." *Id.* These factors include whether the statute of limitations would bar the action if refiled and whether the defendants are deliberately evading service. *Id.* (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments). Having considered these factors, the court finds that no circumstances warrant extending the time for service. As previously

discussed, Williams' deadline for perfecting service was June 9, 2016, nearly five months ago. Since that date, Williams filed two motions on June 16, 2016, but she has not otherwise participated in the case. Williams received notice of the fact that service on three defendants was unexecuted on July 14, 2016, but there is no indication that she made any effort to perfect service since that time. Further, there is nothing before the court to suggest that the defendants have deliberately evaded service, and Williams has not argued otherwise.

Finally, the events serving as the basis for Williams' complaint allegedly occurred in February and March of 2016. *See* Doc. 5. Williams alleges employment discrimination, a hostile work environment, and claims under state law.[1] *See* Docs. 1 & 5. Because Williams is appearing *pro se*, the court liberally construes her complaint to contain a claim under 42 U.S.C. § 1981, which has a two-year statute of limitations.[2] *See Edwards v. Nat'l Vision Inc.*, 568 F. App'x 854, 860 (11th Cir. 2014) (holding that the statute of limitations for claims under federal statutes enacted before December 1, 1990, including § 1981, is governed by an analogous state statute of limitations, which is two years in Alabama). Similarly, Williams' state-law claims would also be subject to a two-year statute of limitations. *See* Ala. Code §§ 6-2-38(l)–(n) (1975). Thus, should Williams decide to bring

---

[1] In her original complaint, Williams alleged employment-based discrimination, fraud, and harassment. *See* Doc. 1. In an amendment to her complaint, Williams mentions "negligence, fraud, [and] misrepresentation." Doc. 5. To the extent that these are viable claims under the facts alleged, the court has considered the applicable statutes of limitations for each claim.

[2] The court will not construe Williams' allegations as a claim under Title VII of the Civil Rights Act of 1964 because to sue under Title VII, Williams must have exhausted the Equal Employment Opportunity Commission's administrative remedies. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). There is no evidence that she has done so here. Thus, if she has stated any viable claim, it is pursuant to 42 U.S.C. § 1981. *See Davis v. Auburn Bank*, 2016 WL 1605349, at *7 (M.D. Ala. March 30, 2016) ("[Section] 1981 creates a cause of action for intentional, race-based employment discrimination, employment retaliation, and hostile work environments.").

suit again, none of her claims would be barred by the statute of limitations if she does so in a timely manner. Therefore, having considered the circumstances warranting an extension of time for service as *Lepone-Dempsey* directs, the court finds that an extension is not warranted here.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

It is further ORDERED that the parties shall file any objections to this recommendation **on or before November 18, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which an objection is being asserted. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues addressed in the report and recommendation, and shall bar the party from attacking on appeal factual findings in the report and recommendation that are accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on the 4th day of November, 2016.

                                              /s/ Gray M. Borden
                                       UNITED STATES MAGISTRATE JUDGE